UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    v.                                          **DECISION AND ORDER**
                                                                12-CR–200-A
JACK REID,

                              Defendant.

        The defendant, Jack Reid, was convicted after a jury trial of one count of

conspiracy to possess with intent to distribute and to distribute five kilograms or

more of cocaine in violation of 21 U.S.C. § 846, and one count of possession with

intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).

The Superseding Indictment returned by the grand jury that charged the offenses

includes forfeiture allegations pursuant to 21 U.S.C. §§ 853(a)(1) and (a)(2) to give

defendant Reid notice of certain property alleged to be subject to forfeiture as

proceeds of the offenses and as property that facilitated the offenses.

        After the United States filed a motion for a preliminary order of forfeiture, the

Court convened a forfeiture hearing, the parties have filed extensive submissions,

and the Court heard oral argument.  The United States has voluntarily narrowed its

earlier notice and motion for a preliminary order of forfeiture to seek forfeiture of:

(1) a parcel of real property at 58 The Common, Williamsville, New York; (2) a

second parcel of real property at 23 Sunrise Boulevard, Amherst, New York; and

(3) an additional one million dollars in United States currency to be reflected in a

money judgment against defendant Reid.  Upon consideration of the submissions

and arguments of the parties, the evidence during the criminal trial, and the

evidence during the forfeiture hearing, and for the reasons stated below, the Court

grants the United States' motion for a preliminary order of forfeiture and is ordering

that defendant's right title and interest in the two parcels of real property, and the

amount of one million dollars of United States currency, shall be forfeited to the

United States pursuant to 21 U.S.C. § 853(a)(2) as property that facilitated

commission of the conspiracy offense of conviction.

## DISCUSSION

Title 21 U.S.C. § 853(a)(2) provides that a defendant convicted of a felony

narcotics offense  "shall forfeit . . . any of the person's property used, or intended to

be used, in any manner or part, to commit, or to facilitate the commission of . . . the

offense.  This provision is to  ". . . be liberally construed to effectuate [its] remedial

purposes."  21 U.S.C. § 853(o).

The procedures applicable to forfeiture determinations are stated in Fed.R.

Crim.P. 32.2.  When the United States seeks forfeiture of specific property, as it

does in this case, "the court must determine whether the government has

established the requisite nexus between the property and the offense."

Fed.R.Crim.P. 32.2(b)(1)(A).   For a personal money judgment, "the court must

[also] determine the amount of money that the defendant will be ordered to pay." *Id*.

The United States bears the burden of proof to establish that the property at

issue is subject to forfeiture by the standard of a preponderance of the evidence.
*See United States v. Capoccia*, 503 F.3d 103, 116 (2d Cir. 2007).  If the Court
concludes that property is subject to forfeiture, the Court enters a preliminary order
of forfeiture in the amount of a money judgment and directing forfeiture of any
specific property without regard to any third-party interests, which are determined in
an ancillary proceeding under Rule 32.2(c).  *See* Fed.R.Crim.P. 32.2(b)(2)(A).

**Money Judgment.**  When determining an amount of currency to be forfeited,
the Court may "use general points of reference as a starting point" for the calculation
and "make reasonable extrapolations" supported by a preponderance of the
evidence.  *United States v. Treacy*, 639 F.3d 32, 48 (2d Cir. 2011).  In this case,
evidence during the trial and the forfeiture hearing established by a preponderance
of the evidence that approximately six (6) kilograms of cocaine were obtained in
Rochester, New York; approximately 20 (twenty) additional kilograms were obtained
from New York City beginning in late 2010 through 2011; and, approximately 40
(forty) additional kilograms were obtained from the Atlanta, Georgia, area from about
June, 2011 until April, 2012.  The Court therefore determined that the cocaine-
trafficking conspiracy in violation of 21 U.S.C. § 846 of which defendant Reid was
convicted involved approximately 66 kilograms of cocaine.

Although the price per kilogram that the defendant Reid paid for cocaine
varied depending on the source, and presumably on market conditions, the Court
estimates for present purposes based primarily upon the testimony of Elliot Walker

and Ronald Douglas that the approximate cost per kilogram was $30,000 during the
approximate three-year period from 2009 through early 2012 during which the 66
kilograms of cocaine were purchased by the defendant and his co-conspirators for
resale.  Accordingly, the Court estimates and finds defendant Reid spent
approximately $1.9 million to purchase cocaine for resale during the criminal
conspiracy of which he stands convicted.  As the purchase price of cocaine sold
within the scope of the conspiracy offense, that sum of $1.9 million was used to
facilitate the offense, and that money had a sufficient nexus to the conspiracy
offense to support entry of a money judgment in the one-million-dollars amount
sought by the United States.  *See e.g.*, *United States v. Crews*, 885 F.Supp.2d 791,
793-94  (E.D.Pa. 2012) aff'd *U.S. v. Miller*, 645 Fed. Appx. 211, 225-28 (3d Cir.
2016); *United States v. Harrison*, 2001 WL 803695, *1-2 (N.D. Ill. 2001).

**58 The Commons.**  During the trial and the forfeiture hearing, it was well
established that substantial activities during the cocaine-trafficking conspiracy in
violation of 21 U.S.C. § 846 occurred at 58 The Commons, Williamsville, New York.
The premises at 58 The Common have a value of approximately $225,000.

Elliott Walker credibly testified that he delivered cocaine-sale proceeds to the
premises at 58 The Commons approximately twice a month for a period of years.
Ronald Douglas testified credibly that he and defendant Reid counted and
vacuumed-sealed large sums of currency at 58 The Commons so that Ronald
Douglas could drive the currency to Atlanta to be used to purchase multiple-

kilogram-quantities of cocaine for approximately $30,000 per kilogram approximately nine times.  Dkt. No. 165, pp. 39-58.  Morgan Lewis recorded a conversation with the defendant at 58 The Commons in January of 2012 during which the defendant spoke about paying Lewis $1,000 per trip four of five times a month to pick up drugs to bring back to Buffalo.  Dkt. No. 157, pp. 54-56.  More than any other location, 59 The Commons was where money to be used to purchase cocaine and cocaine-sales proceeds changed hands among defendant Reid and his coconspirators.

The Court finds the evidence also establishes by a preponderance of the evidence that the premises at 58 The Common were used to plan, carry out, prepare for the acquisition of cocaine for further distribution, as well as to collect proceeds from cocaine distribution where the proceeds were accounted for and vacuum-sealed for future purchases.  Defendant Reid's use of the premises to arrange, prepare for, and carry out purchases and sales of cocaine, and to exchange money used to buy cocaine and proceeds of cocaine with co-conspirators facilitated under § 853(a)(2) the cocaine-trafficking conspiracy offense, and the premises had a substantial nexus to the conspiracy offense sufficient to warrant their forfeiture.  The premises were used to facilitate a serious cocaine-trafficking conspiracy offense carrying a maximum punishment of life imprisonment and a fine of $20,000,000.

**23 Sunrise Blvd.**  Defendant Reid also used premises at 23 Sunrise Boulevard, Amherst, New York to facilitate the cocaine-trafficking conspiracy.  Elliot

Walker credibly testified that the defendant referred to 23 Sunrise Blvd. by a code phrase, "by the Cadillac dealer," and that Walker delivered cocaine-trafficking proceeds to the defendant when the defendant was present at 23 Sunrise Blvd. Carl Russo met the defendant and Walker on March 26, 2012, at 23 Sunrise Blvd. to negotiate the purchase a half-kilogram of cocaine for $20,000. Walker corroborated Russo's testimony about the negotiations at 23 Sunrise Blvd. As a result of the meeting, cocaine was "fronted" to Russo, and Russo met the defendant in 23 Sunrise Blvd. a few days later, and made a partial payment for the cocaine of $7,500. The evidence shows that the premises at 58 The Common were used by defendant Reid much more to facilitate the criminal conspiracy, but the circumstances also establish the premises at 23 Sunrise Blvd. were used by the defendant to receive proceeds of cocaine-trafficking and to arrange cocaine-trafficking during the course of the conspiracy of which the defendant stands convicted. As such, the premises were substantially connected to the conspiracy, and the nexus to the cocaine conspiracy is substantial enough to warrant forfeiture of the defendant's ownership in the premises.

The premises at 23 Sunrise Boulevard have a value of approximately $110,000. Even when combined with the value of the premises at 58 The Commons to be forfeited, and the money judgment for one million dollars, the forfeitures are not grossly disproportionate to the serious harms caused by defendant Reid's long-running cocaine-trafficking conspiracy involving

approximately 66 kilograms of cocaine, and which carries a maximum punishment

of life imprisonment and a fine of $20,000,000.

## CONCLUSION

Based upon the foregoing findings and conclusions, pursuant to 21 U.S.C. §§

853(a)(2) and 853(p), the Court partially grants the Motion of the United States for a

Preliminary Order of Forfeiture, Dkt. No. 175.  The Court's separate Preliminary

Order of Forfeiture specifies the real property to be seized and sets the specific

terms and conditions of the forfeitures.

**SO ORDERED.**

_____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   March 21, 2017